***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Stanback and additional evidence admitted by the Full Commission. Upon review of the competent evidence of record with reference to the errors assigned, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The undersigned finds as facts and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The plaintiffs were involved in a motor vehicle accident on September 23, 1999 in Rocky Mount, North Carolina.
2. The vehicle owned by defendant North Carolina National Guard was being driven by Raymond Majette.
3. Documents stipulated into evidence include the following:
 a. Stipulated Exhibit #1 (TA-16230) Ambulance call report, Emergency Room records, Dr. Keller's medical records;
 b. Stipulated Exhibit #2 (TA-16233) Emergency Room records, Dr. Keller/Dr. Hammer's medical records;
 c. Stipulated Exhibit #3 (TA-16230) Medical bills of Samuel Richardson
 d. Stipulated Exhibit #4 (TA-16233) Medical bills of Terri Richardson
 e. Stipulated Exhibit #5 (TA-16233) Lost Wages Statement for Terri Richardson
f. Stipulated Exhibit #6 (TA-16230) Deposition of Dr. Keller
g. Stipulated Exhibit #7 (TA-16233) Deposition of Dr. Keller
 h. Stipulated Exhibit #8 Governor Hunt's State of Emergency Proclamation
i. Stipulated Exhibit #9 DMV 349 report
4. The deposition of Captain Douglas Paluti is a part of the evidentiary record in this case.
 ***********
Based upon the competent evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction of the parties and of the subject matter.
2. There is no question as to misjoinder or nonjoinder of parties.
3. On September 10, 1999, Hurricane Floyd made landfall in North Carolina, causing extensive damage and flooding in Eastern North Carolina.
4. In response to Hurricane Floyd, then Governor James B. Hunt declared a State of Emergency.
5. As a result of Hurricane Floyd, the North Carolina National Guard was called to duty to offer assistance to the residents of Eastern North Carolina, including the distribution of fresh water supplies in the Rocky Mount area.
6. On September 23, 1999, plaintiffs chose to avail themselves of the services provided by the North Carolina National Guard by traveling to a North Carolina National Guard distribution center located at a "Lowe's" warehouse in Rocky Mount to obtain fresh water.
7. No water was available, so plaintiffs left. Plaintiff Terri Richardson was driving the vehicle and plaintiff Samuel Richardson was a passenger located in the front passenger seat. While leaving the distribution center, plaintiffs traveled through the parking lot to the location where vehicles are able to enter traffic onto Hunter Hill Road. While waiting to turn onto Hunter Hill Road, plaintiffs were accidentally "rear-ended" by a National Guard truck driven by named employee, Raymond Majette. The impact between the vehicles was minor.
8. The collision caused minor damage to plaintiffs' vehicle and minor injuries to respective plaintiffs. The collision was not caused by any willful, intentional or reckless action by Mr. Majette. Further, in their respective Affidavits, neither plaintiff alleged that Mr. Majette's actions were intentional or grossly negligent.
9. Following the accident, plaintiffs were treated at Nash General Hospital and thereafter received treatment from Hammer Chiropractic in Rocky Mount, North Carolina. There were no permanent injuries suffered by either plaintiff.
10. On September 23, 1999, the State of North Carolina was insured by Travelers Property Casualty for damages such as those incurred by plaintiffs. Plaintiffs received compensation for the property damage they sustained as a result of the collision from Travelers Property Casualty pursuant to this insurance policy.
11. North Carolina General Statute § 166A-14 states that "[n] either the State nor any political subdivision thereof, nor, except in cases of willful misconduct, gross negligence or bad faith, any emergency management worker complying with or reasonably attempting to comply with this Article or any order, rule or regulation promulgated pursuant to the provisions of this Article or pursuant to any ordinance relating to any emergency management measures enacted by any political subdivision of the State, shall be liable for the death of or injury to persons, or for damage to property as a result of any such activity."
11. A deposition was taken of Mr. Douglas Paluti who on the date of plaintiffs' accident was a captain in the North Carolina National Guard. Mr. Paluti was the equivalent of supervisor of named employee, who was also a member of the North Carolina National Guard. On the date of the accident, Mr. Paluti was in charge of the distribution operation taking place at "Lowe's" warehouse in Rocky Mount. Mr. Paluti conducted an investigation of the accident and had learned that the National Guard truck driven by Mr. Majette did in fact collide with plaintiffs' vehicle. Mr. Paluti testified that he further learned that Mr. Majette was driving the vehicle in his capacity as a National Guardsman, and that during the accident, Mr. Majette was performing his assigned National Guard duties. The testimony of Mr. Paluti establishes that named employee, Mr. Majette, was acting in the course and scope of his employment as a member of the North Carolina National Guard at the time of the accident.
12. Named employee Raymond Majette was working as an "emergency management worker" as referenced in N.C.G.S. § 166A-14.
13. Plaintiffs have failed to provide evidence or allege that the actions of named employee were grossly or intentionally negligent. As such, N.C.G.S. § 166A-14 acts as a bar to plaintiffs' respective claims.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction of the parties and of the subject matter.
2. There is no question as to misjoinder or nonjoinder of parties.
3. On September 23, 1999, Raymond Majette, named employee of defendant, was acting in the course and scope of his duties as a member of the North Carolina National Guard during the state of emergency declared by Governor James B. Hunt, following the landfall of Hurricane Floyd, and the accident involving plaintiffs was the result of simple negligence that did not rise to the level of gross, willful or intentional negligence.
4. In the absence of gross, willful or intentional negligence, any emergency management worker complying with or reasonably attempting to comply with the Statute shall not be held liable or responsible for personal injury or property damage suffered by any party. N.C.G.S. §166A-14.
5. The existence of the State of North Carolina's insurance policy with Travelers Property Casualty does not constitute a waiver of the state's sovereign immunity pursuant to N.C.G.S. § 166A-14.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs' claims for damages must be, and are hereby, DENIED.
2. Each side shall bear its own costs.
This the 24th day of February 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER